**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JESSIE SPENCER, JR., *et al.*,      ) | |
|                       ) | |
|       Plaintiffs,      ) | |
|                       ) | |
| v.                        ) | CIVIL ACTION 07-0847-WS-M |
|                       ) | |
| COVENTRY HEALTH AND LIFE     ) | |
| INSURANCE COMPANY, *et al.*,    ) | |
|                       ) | |
|       Defendants.     ) | |

**ORDER**

This matter is before the Court *sua sponte* based on its review of the Answer filed by defendant Lorenzo Jones.

On December 21, 2007, Jones, by and through counsel, filed an Answer that, in lieu of admitting or denying each of the numbered paragraphs of the Complaint, simply states a blanket denial that Jones "denies each and every allegation in the complaint, and demands strict proof thereof." (Answer (doc. 4), at 1.)

Such general denials of all allegations in a complaint are almost never appropriate under the Federal Rules of Civil Procedure. *See Matter of Crawford,* 2 B.R. 589, 592 (Bankr. Ill. 1980) ("A general denial is appropriate only where the pleader intends in good faith to controvert the preceding pleading."); *Gulf Oil Corp. v. Bill's Farm Center, Inc.*, 52 F.R.D. 114, 118-19 (W.D. Mo. 1970) (declaring that "[g]eneral denials or the equivalent are no longer permitted under the Federal Rules of Civil Procedure"). Indeed, one prominent commentator has opined that the use of general denials "has been sharply restricted" under the Federal Rules of Civil Procedure and that "an answer consisting of a general denial will be available to a party acting in good faith only in the most exceptional cases." Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1265; *see also* 2 *Moore's Federal Practice*, § 8.06[4] (3d ed.) ("Because of the very broad nature of a general denial, as well as the duty to respond in good faith after reasonable inquiry, general denials are rarely appropriate responses to multi-faceted statements within claims for relief when numerous facts are alleged together.").

Under Rule 8(b), Fed.R.Civ.P., denials set forth in an answer "shall fairly meet the substance of the averments denied."  *Id.*  Moreover, a general denial such as that offered by Jones is appropriate only when "the pleader intends in good faith to controvert all the averments of the preceding pleading."  *Id.*  Any such general denial is expressly made "subject to the obligations set forth in Rule 11."  *Id.*

Upon review of the Complaint and Jones' Answer to same, the Court finds it extremely unlikely that the instant case is one in which a general denial could be submitted in good faith and in a manner that comports with defendant's obligations under Rule 11.  The Complaint includes 49 numbered paragraphs that describe in detail the identities and citizenship of the parties, the facts surrounding a March 2007 incident in which Jones is alleged to have visited plaintiffs' home to solicit their application for a health insurance program, and the legal theories on which relief is sought.  Through his blanket denial, Jones denies, for example, that the plaintiffs are husband and wife and are adult residents of Wilcox County, Alabama (Complaint, ¶ 1), that defendant Coventry Health and Life Insurance Company does business in Wilcox County, Alabama (*id.*, ¶ 2), that Jones is an adult resident of Wilcox County, Alabama (*id.*, ¶ 3), that Jones visited the plaintiffs' home in or around March 2007 to attempt to enroll them in a Coventry healthcare program (*id.*, ¶ 12), that both plaintiffs were present for that meeting (*id.*), and that Jones was acting as an agent or representative of Coventry (*id.*, ¶¶ 3, 12, 14).[1]  The Court is skeptical, to say the least, that "after an inquiry reasonable under the circumstances" all such denials "are warranted on the evidence."  Rule 11(b), Fed.R.Civ.P.

In light of the foregoing, the Court invites Jones to file an Amended Answer that fairly meets the substance of the averments of the Complaint and is otherwise consistent with this Order.  Such an Amended Answer should be filed on or before **January 4, 2008**.  If an Amended Answer in conformity with Rules 8 and 11 is filed prior to that deadline, then Jones need take no further action in response to this Order.

However, if Jones opts not to file such an Amended Answer within that time frame, then

---

[1]     Notably, in its Answer (doc. 2), defendant Coventry has admitted that "Jones was an independently contracted sales representative who was permitted to sell Coventry's product." (Coventry Answer (doc. 2), ¶ 3.)  Under the circumstances, Jones' blanket denial of any sort of agency or representative relationship with Coventry is questionable, at best.

-2-

he is **ordered** to **show cause**, on or before **January 4, 2008**, why his Answer, in its current form, does not violate Rules 8(b) and 11(b) of the Federal Rules of Civil Procedure.  This Show Cause Order is entered pursuant to Rule 11(c)(1)(B), Fed.R.Civ.P.  Responses to this Show Cause Order should include, without limitation, a description of the reasonable inquiry undertaken by Jones' counsel prior to filing his Answer and an explanation of how, following such reasonable investigation, he could in good faith controvert all of the allegations of the Complaint, including without limitation the allegations of the citizenship of the parties, the relationship between Jones and Coventry, and Jones' sales call to plaintiffs' residence in or about March 2007.

DONE and ORDERED this 26th day of December, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE