IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSIE SPENCER, JR., *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION 07-0847-WS-M |
| | ) |
| COVENTRY HEALTH AND LIFE | ) |
| INSURANCE CO., *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

    This matter comes before the Court on Plaintiffs' Motion to Remand (doc. 7) and Defendants' Joint Motion to Stay (doc. 20).

    The jurisdictional question presented by the Motion to Remand is whether plaintiffs' state-law claims are completely preempted by the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, so as to give rise to federal removal jurisdiction. As reflected in the parties' briefs, multiple district courts in this Circuit (and indeed two judges in this District Court) have tackled this precise legal question in recent months and have reached conflicting answers. *Compare, e.g., Bolden v. Healthspring of Ala., Inc.*, 2007 WL 4403588 (S.D. Ala. Oct. 2, 2007) (Granade, J.) (finding no complete preemption) *with Dial v. Healthspring of Alabama, Inc.*, 501 F. Supp.2d 1348 (S.D. Ala. 2007) (DuBose, J.) (finding complete preemption). On November 27, 2007, the Eleventh Circuit accepted interlocutory appeal in the *Dial* action to resolve this thorny issue. Thus, it is apparent that a controlling ruling is forthcoming within the next few months. Under these circumstances, it would be a poor use of judicial resources for this Court to delve into this intricate area of the law in search of tea leaves to read in predicting which way the Eleventh Circuit's *Dial* decision will fall.

    "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); *see also Dominguez v. Hartford Financial Services Group, Inc.*, 530 F. Supp.2d 902, 905 (S.D. Tex. 2008) ("The stay of a pending matter is ordinarily within the trial court's wide

discretion to control the course of litigation ...."); *Utah v. Eli Lilly and Co.*, 509 F. Supp.2d 1016, 1019 (D. Utah 2007) (recognizing district court's discretion to stay pending proceedings "for the purpose of economy of time and effort for itself, for counsel, and for litigants") (citations omitted).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

      In opposing the stay request, plaintiffs advance two arguments.  First, plaintiffs assert that they will be prejudiced by a stay and that such prejudice "has already come to fruition." (Doc. 21, at 4.)  Evidently, plaintiffs ascribe prejudice to the death of plaintiff Jessie Spencer, Jr., in the four months since this case was filed in the Circuit Court of Wilcox County, Alabama, on November 15, 2007.[1]  To the extent that plaintiff is arguing that defendants' removal of this action prevented this case from proceeding to final judgment prior to Mr. Spencer's demise, thereby damaging or prejudicing plaintiffs, such an argument borders on frivolity.  The Court is unaware of any judicial forum in the State of Alabama wherein a plaintiff can reasonably hope to have his case litigated from origination through discovery, trial and final judgment in less than four months.  Clearly, plaintiffs do not show prejudice merely by stating that Mr. Spencer died following removal of this action to federal court.  Nor is it availing for plaintiffs to argue, as they do, that "[t]he chances that his wife, Plaintiff Mary Spencer, will pass away increase as each day passes."  (*Id.*)  The same could be said for all of us.  The Court understands that Mrs. Spencer is elderly; however, there is no record evidence that she is in poor health, much less that she is unlikely to survive a stay of a few months while a critical jurisdictional issue is decided by the Eleventh Circuit.  In short, plaintiffs have made no showing of prejudice that might trigger any obligation on defendants' part to demonstrate hardship or inequity.  *See Landis*, 299 U.S. at 255 ("the suppliant for a stay must make out a clear case of hardship or inequity in being required to

---

[1] As an aside, the Court questions why neither party has filed a suggestion of death, why plaintiffs have not undertaken to substitute a proper plaintiff, and why no party has complied with the principles of Rule 25(a), Fed.R.Civ.P.

go forward, *if there is even a fair possibility that the stay for which he prays will work damage to some one else*") (emphasis added).

Second, plaintiffs protest that granting an immoderate stay would constitute an abuse of discretion. It is certainly correct that stays of immoderate or indefinite duration have been struck down on appeal. *See, e.g., King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1172 (11th Cir. 2007) ("We have repeatedly held that a stay order which is 'immoderate' and involves a 'protracted and indefinite period' of delay is impermissible."). But the stay contemplated here is not immoderate. The Eleventh Circuit accepted interlocutory review of *Dial* nearly four months ago. In this Court's experience, that appellate body typically rules on matters presented to it within nine to twelve months after an appeal is filed. The Court has no reason to believe, and plaintiffs certainly have not shown, that the duration of the *Dial* appeal is likely to deviate substantially from these norms. What is contemplated, then, is a stay of roughly five to eight months. This is not "immoderate" under any reasonable construction of the term.[2]

For all of the foregoing reasons, and after carefully weighing and balancing the competing interests, the Court finds that the exercise of discretion to stay this matter is appropriate under the particularized facts and circumstances presented here. Accordingly, Defendants' Joint Motion to Stay (doc. 20) is **granted**, and this action is **stayed** pending release of the appellate decision in *Dial*. Defendants are **ordered** to notify the Court promptly in writing by filing a notice of supplemental authority as soon as the appellate decision in *Dial* is released, at which time the Court will lift the stay and adjudicate the Motion to Remand.

DONE and ORDERED this 14th day of March, 2008.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE

---

[2] In arguing otherwise, plaintiffs rely on *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262 (11th Cir. 2000), which is readily distinguishable. In *Ortega Trujillo*, the appeals court overturned a stay that would last through the entire duration of a related case pending in the Bahamas. The Bahamian case had not gone to trial and was not progressing quickly, yet the stay was to remain in place until after the trial and exhaustion of all appeals in the Bahamian case. Unlike *Ortega Trujillo*, the stay contemplated in this action is much narrower and does not run any reasonable risk of dragging on indefinitely for years.