**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JESSIE SPENCER, JR.,** *et al.***,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION 07-0847-WS-M** |
| ) | |
| **COVENTRY HEALTH AND LIFE** ) | |
| **INSURANCE CO.,** *et al.***,** ) | |
| ) | |
|     **Defendants.** ) | |

## ORDER

    This removed action comes before the Court on Plaintiffs' Motion to Remand (doc. 7).

    On November 15, 2007, plaintiffs Jessie Spencer, Jr. and Mary Spencer filed a Complaint in the Circuit Court of Wilcox County, Alabama against named defendants Coventry Health and Life Insurance Co. d/b/a Coventry Health Care, Inc. and Lorenzo Jones.  The Complaint alleged exclusively state-law claims against defendants for fraud by misrepresentation; fraud by suppression and concealment; negligent/reckless/wanton hiring, training, monitoring and supervision (against Coventry only); civil conspiracy; negligence and wantonness; breach of fiduciary duties; and violation of the Alabama Deceptive Practices Act.  The gist of these claims is plaintiffs' contention that they are elderly Medicare beneficiaries whom defendants duped into enrolling in Coventry's "Advantra Freedom" plan, resulting in fundamental and unfavorable alterations to their Medicare coverage and benefits.

    On December 13, 2007, defendants filed a Notice of Removal (doc. 1) removing this action to this District Court on the grounds that all of plaintiffs' nominally state-law claims arose under and were completely preempted by the Medicare Act, 42 U.S.C. §§ 1395w-21 through 1395w-28, as amended by the Medicare Prescription Drug, Improvement and Modernization Act of 2003, thereby giving rise to federal question jurisdiction pursuant to 28 U.S.C. § 1331. Several weeks later, on January 11, 2008, plaintiffs filed a Motion to Remand (doc. 7) on the grounds that complete preemption is lacking and therefore there is no federal subject-matter jurisdiction over this action.  After briefing on the Motion to Remand was concluded, the Court

stayed this action at defendants' request given the pendency of this precise jurisdictional issue before the Eleventh Circuit in a case called *Dial v. HealthSpring of Alabama, Inc.*

Late last month, the Eleventh Circuit issued its ruling in *Dial v. Healthspring of Alabama, Inc.*, --- F.3d ----, 2008 WL 3896741 (11th Cir. Aug. 26, 2008).  That decision explained that the Medicare Act "strips federal courts of primary federal-question subject matter jurisdiction over claims that arise under that Act," providing instead for an administrative hearing that is then subject to judicial review.  *Id.* at *2.  Based on this unique jurisdictional scheme provided by the Medicare Act, the *Dial* panel opined that, even if the plaintiffs' nominally state-law claims for relief were deemed to arise under that Act pursuant to the complete preemption doctrine, "the district court would lack subject-matter jurisdiction over their complaint because it is not against the Secretary of the Department of Health and Human Services for review of an administrative decision."  *Id.* at *3.  A straightforward reading of *Dial* confirms that, even if Coventry's position on the complete preemption issue is correct, this action would not properly be removable to federal court because federal subject-matter jurisdiction lies in Medicare Act cases only if they are brought against the Secretary of the Department of Health and Human Services for review of an administrative decision.  This case clearly does not fit that jurisdictional paradigm.

In the wake of *Dial*, defendant Coventry has indicated that it no longer opposes plaintiff's Motion to Remand.  (*See* doc. 25.)  Defendant Jones elected not to respond to a Show Cause Order (doc. 24) directing him to show cause why this action should not be remanded for want of federal subject-matter jurisdiction.

For all of the foregoing reasons, plaintiffs' Motion to Remand (doc. 7) is **granted**.  Because federal subject-matter jurisdiction over these proceedings is lacking pursuant to *Dial*, this action is hereby **remanded** to the Circuit Court of Wilcox County, Alabama for further proceedings.

DONE and ORDERED this 8th day of September, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

-2-